The next case on our docket today is 524-0650, People v. Wright. Counsel, you're ready to proceed. Go right ahead. Good afternoon, Your Honors. Good afternoon, Counsel. My name is Hannah Pieterse from the Office of the State Appellate Defender on behalf of Lacelle Wright, the appellate in this case. May it please the Court. Lacelle Wright raises two issues in this appeal, both of which concern the denial of his fundamental right to the effective assistance of counsel at sentencing and post-plea proceedings. In my limited time, I plan to focus on Issue 2. However, there is significant overlap, and I'm happy to answer questions regarding either issue. Lacelle Wright never received an adequate hearing on his post-plea challenges to his plea and sentence, because his post-plea counsel failed to effectively discharge her duties under Rule 604D and Strickland. There are a number of ways in which the record rebuts counsel's compliance with Rule 604D, but the most important is that counsel completely failed to set forth any challenges to the sentence in the post-plea motion. Counsel's Rule 604D certificate stated that she had consulted with Mr. Wright about his contentions about both the plea and the sentence. However, once his motion to withdraw the plea was denied, she informed the Court that Mr. Wright still had the opportunity to file a post-sentencing motion should he desire it. There's a couple problems with that. The first problem is that if counsel truly had consulted with Mr. Wright as stated in her certificate, she would know if he desired to challenge his sentence. Additionally, counsel should have been aware that Mr. Wright did not have another opportunity to file another post-judgment motion. Under clear Supreme Court precedent and Rule 604D, a defendant has only one opportunity to file a post-judgment motion. So in the case of an open plea like this, the motion should have challenged both the plea and the sentence, if that is what Mr. Wright wished to do. Counsel clearly misunderstood this, especially since more than 30 days had passed since the judgment was entered, so there really was no further opportunity for another motion at that point. Accordingly, the record clearly shows that counsel failed to strictly comply with her duties to consult with Mr. Wright about his contentions regarding the sentence and to set forth those contentions in a motion, and she clearly just misunderstood the law completely. The record also shows that counsel failed to comply with her obligation to adequately present Mr. Wright's contentions of ineffective assistance of plea counsel. Mr. Wright set forth numerous claims and numerous per se motions that he was misled by his counsel to misunderstand the potential sentencing consequences for his plea. The thrust of most of his motions was that counsel had informed him prior to the plea hearing that the sentences would not be consecutive or that the range was just 6 to 30 years. The amended 604D motion, however, only set forth allegations regarding what was said to him during the plea hearing. So it appears that counsel left out an entire portion of Mr. Wright's claim and also failed to support those allegations about what was said to him before the plea hearing with evidence. She did not put any information in Mr. Wright's affidavit about what was said to him, nor did she procure the letter that plea counsel admitted he sent to Mr. Wright that described the sentencing consequences. Additionally, counsel failed to set forth any facts alleging prejudice from ineffective assistance of counsel. And there are a number of cases out of several appellate courts holding that the failure to allege prejudice is also a failure under Rule 604D. And I do want to emphasize that Rule 604D requires strict compliance. So all of these failures of counsel require this Court to reverse and remand for additional 604D proceedings. But aside from Rule 604D, counsel's failure to challenge the sentence also constitutes ineffective assistance under Strickland. Now, I want to point out that the State does not dispute deficient performance in this regard. The State only disputes prejudice. However, we contend that Mr. Wright was, in fact, prejudiced by counsel's failure to set forth any sentencing claims in the post-judgment motion. There are at least two claims that counsel should have included in the motion that would go to the issue of sentencing. The first is the issue that we set forth in our Argument 1, that Mr. Wright was pushed into representing himself at sentencing without full knowledge of the consequences and therefore did not knowingly and voluntarily waive his right to counsel at sentencing. Now, the standard for prejudice under Strickland is a reasonable probability of success. And we contend that this claim did have a reasonable probability of success. The record demonstrates that Mr. Wright was not aware that the Court would potentially decline to address his motions and then proceed on to sentencing without giving him any opportunity to prepare. Mr. Wright sought to represent himself because of his claims that his counsel was ineffective. So he showed up to court that day intending to represent himself against his counsel, but then was unable to do so and was instead pushed into representing himself at sentencing. Mr. Wright also lacked a high school education, had suffered a severe head injury a year prior to his plea, and had limited experience in the criminal courts. So, you know, the record really supports the fact that he did not know what he was getting into and did not intend to knowingly and voluntarily waive his right to counsel for the purposes of sentencing. The second claim that counsel should have included in the post-judgment motion is an excessive sentence claim. This was an open plea where Mr. Wright received nearly the maximum sentence available. There was significant mitigation evidence available that Mr. Wright did not know how to present himself. And the trial court improperly considered Mr. Wright's assertion of innocence and attempts to withdraw his plea in sentencing him. Counsel had absolutely no reason not to raise an excessive sentence challenge, particularly where Mr. Wright was clear from the very beginning that the length of his sentence was his primary concern. So, again, there is at least a reasonable probability that an excessive sentence claim would have changed the outcome of the sentencing. And therefore, counsel's failure to raise that claim in the motion did prejudice him. But I do want to emphasize that this also was a failure under Rule 604D, which does not require prejudice. I'm happy to answer any other questions this Court has. Otherwise, I will reserve my time for rebuttal. Just to show it? No questions. No questions. All right. Thank you, counsel. Thank you. Go right ahead, Mr. Taylor. Good afternoon, Your Honors. Good afternoon, counsel. My name is Ivan O. Taylor, Jr., arguing on behalf of the people of the State of Illinois. May it please the Court. This Court should defer the defendant's guilty plea and sentence. Starting with the second issue regarding post-sentencing counsel's 604D certificate and whether or not that counsel was ineffective. The people argued that counsel probably complied with Rule 604D. I believe the first issue the defendant points out is not arguing for a motion to reconsider sentence. The reason why this was not filed is because the defendant himself was only trying to withdraw his guilty plea. He was not trying to argue that his sentence should be reduced. He was trying to remove himself from the plea in its entirety. And he was probably admonished by the trial court as to what his rights were after he was sentenced. But after admonishment, he chose to only target his guilty plea, and his counsel, acting as an advocate, focused on that particular issue. Furthermore, despite the defense argument, post-sentencing counsel had no viable argument to argue that his sentence was improper. First and foremost, this is within the statutory range of 12 to 60 years. Even though it might be on the high end, that's still presumably proper. Furthermore, the trial court did not err when it weighed the factors. The defendant makes this argument that counsel's employees took his claim of that he pled guilty as aggravation, and that's not correct. The counsel, if you look at the record, the trial court stated that it did not consider it sufficiently mitigating for the defendant to argue that he pled guilty and was taking responsibility for himself, because during the sentence hearing, the defendant stated that he didn't recall what happened, and he argued that it was probably his brother who committed the offense, not him. And the court was right to say that that's not taking responsibility. That's shifting the blame. So pleading guilty is not going to be as mitigating as the defendant wanted it. That doesn't mean that the trial court used its aggravation factor. It wasn't sufficiently mitigating. As to the argument regarding any mental health issues the defendant may have, there wasn't sufficient evidence presented by the defendant that such issues truly exist, and furthermore, the Illinois Supreme Court has repeatedly held that even though the defendant may have mental health issues, those issues may not be mitigating, and they may even be aggravating. There is nothing in the record either way as to how the trial court considered that particular factor, but the main issue in this case is that it was a brutally heinous crime. As we described in our brief, as stated in the record, the defendant broke into this poor woman's home and sexually assaulted her, and that is why he got the sentence he did. Furthermore, as to the Post-Sentencing Council not admitting to evidence the letter that the plea council sent to the defendant, during the motion on the amended motion to withdraw guilty plea, the defendant's plea council was there to testify, was able to testify as to how he communicated with the defendant and testified to the contents of all the letters and communications he had with the defendant. This letter is really cumulative. It is not necessary to get out the information that how this council and the defendant communicated with each other. That evidence was presented to the trial court, and as the trial court found, that evidence had no bearing on whether or not, that evidence did not demonstrate that plea council was ineffective in how he represented the defendant. I believe the council also brought up whether or not Post-Sentencing Council did not mention that there was a prejudice from plea council in the amended motion. In the motion itself, it stated how the defendant was unaware that when he was pleading guilty, that he thought his maximum sentence was going to be 30 years as opposed to the actual 12- to 16-year range, and that is inherent prejudice. Prejudice is already inherent within how the amended motion is written, so it is not necessary for council to restate prejudice when it is already present in the amended motion. Turning to the other issue, the defendant is arguing that the trial court erred by not properly ensuring that he was, that the trial court erred by not doing proper 401 abolishments, and that his waiver was unknowing and intelligent. The people will maintain that that argument was forfeited by the defendant by not properly arguing for a plain error in their opening brief. Even if a plain error was argued, the Rule 401 claim is no longer viable due to the Ombudsman Supreme Court's ruling in People v. Radcliffe, which stated that a violation of Rule 401 is not amendable to plain error. It's like a wrong claim error. As for whether the defendant's waiver was knowing and intelligent, as people put in his brief, the entire hearing on that issue, the trial court was very clear. It laid out the options for the defendant. The defendant could maintain his plea counsel. He could go pro se. He could have the opportunity to hire other counsel, or he could have the trial court appoint him counsel. And after a lengthy and thorough admonishment, the defendant was explicitly clear that he wanted to represent himself. He says explicitly in the record he wanted to represent himself at the trial court, explain all the options, and make sure the defendant knew what his choices were and that he understood what he was doing. So there's nothing in the record to demonstrate that his waiver was not knowing and not intelligent. Do you officers have any questions for me? No questions. I have no questions at this time. The people present at this court will affirm the defendant's guilty plea as sentenced. Thank you. Thank you, Your Honor. Just a few points in rebuttal, Your Honor. Go ahead. My colleague claims that the record shows that Mr. Wright was only attempting to withdraw his plea and was not attempting to challenge his sentence. I have a few responses to that. First, the trial court, when it admonished Mr. Wright about his options following sentencing, gave him two options. You can file a motion to withdraw your plea, or you can file a motion to reconsider the sentence. That admonishment is a bit unclear in the circumstance of something like an open plea where the motion actually has to be made in the alternative and can't be two separate motions. So it's not surprising that Mr. Wright would have focused on the one motion since that was his primary goal. However, it's been clear since the outset that Mr. Wright's primary concern was the length of his sentence. He even sent a letter to the judge even before he was sentenced asking to withdraw his plea or to be sentenced to the minimum available. In that sort of situation, there's absolutely no reason for counsel not to include sentencing claims in the motion, particularly where failing to do so forfeits or even waives those issues for purposes of appeal. Additionally, Mr. Wright clearly did challenge the sentencing procedure in his pro se motion. He complained that he was brought to court to address his motion, didn't know he was going to be sentenced that day, and ended up having to represent himself during sentencing. So at the very least, counsel should have included that claim as a procedural challenge to the sentencing proceedings. The state spent a majority of its time attacking the substantive merit of Mr. Wright's sentencing claims. Again, I want to emphasize that under the Strickland standard, we're looking at whether there's a reasonable probability of a different outcome, which could be even less than 50 percent. As we stated before and as we stated in our briefs, there is at least a reasonable probability that raising the issue of Mr. Wright's waiver of counsel during sentencing or the extraordinary length of his sentence would have resulted in a different outcome. And I also just want to point out that for purposes of an ineffective assistance claim, my colleague suggests that it's not necessary to allege prejudice because the length of the sentence itself is prejudicial. I wish that were the case. However, there is abundant case law saying that in this sort of a claim, a defendant has to be able to allege that he would have rejected the plea offer and go to trial. So some sort of rational basis for rejecting the plea and going to trial. Counsel didn't include any allegations of that sort in the petition or in the motion and therefore failed to set forth allegations of prejudice. I'm happy to answer any other questions this Court may have. No questions? No questions. All right. Thank you, Counsel. Thank you. In that case, we ask this Court to reverse and remand for additional post-plea proceedings and appointment of new counsel. Thank you. Thank you. We will obviously take the matter under advisement. We will issue an order in due course.